## PATRICK CONLAN *v.* WARING LATTING.

Where the defendant's goods are clandestinely taken from his store by persons having no authority for that purpose, and are sold to the plaintiff; the defendant has a right to retake them into his possession.

And having done so, aided by a police officer with a search warrant, proof of these facts is a good defence to an action by the plaintiff for an illegal taking and detention thereof.

THIS was an action in the nature of trover, tried before the justice of the Second District Court and a jury. The opinion

states the facts as established by the evidence. The trial resulted in a verdict and judgment in favor of the plaintiff. The defendant appealed.

*Henry Brewster*, for the defendant.

*Henry P. Townsend*, for the plaintiff.

BY THE COURT. WOODRUFF, J.—This case appears to me too plain to render discussion necessary. The proof showed that six tables, belonging to the defendant, were clandestinely taken away from his office by persons who are not shown to have had any authority whatever to remove or sell them, and taken to the plaintiff's store and there sold to him.

By such a purchase he acquired no title as against the defendant, the real owner.

The defendant had, therefore, a perfect right to take the tables; and, if it be assumed that in rendering assistance to an officer of the law executing a search warrant, he made himself personally liable, if the title was not in himself, which is not very clear upon the case appearing on the trial below, still he was not liable for the plain reason that he only took his own property.

There is no conflict of testimony, and the verdict seems to me wholly against the evidence and the law applicable to the subject. It must, I think, have been founded in some gross misapprehension.

The judgment should be reversed with costs.

Judgment reversed, with costs.